UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Nicholas Owoyemi (For himself and on
behalf of interested PDP-USA CHAPTER
Executive members elected in Boston,
Massachusetts, on April 27, 2002),

                              Plaintiffs,      CV-05 1789 (CPS)

    - against -                                MEMORANDUM OPINION
                                               AND ORDER
Tex Wariboko, Stanley Onye, Felicia
Hajismaili, Eddy Nwosu, Simon Guobadia,
Ekpeyoung Eyo, Ike Ginigeme, Alfred Onyia,
Jude Nwokenkwo, Joe Olobo, Joseph Exe,
Emmanuel Magbagbeola, Emeka Ehuka,
Christabella Njooku, Mrs. Remi Pgusola,
Chinwe Njoku, Neda Imaseun, Chima Okene,
Ann Nzegu Exco, Cally Ndu Exco, Theodore
Adogy, Okey Chikere, Ada Lassiter,

                              Defendants.

----------------------------------------X

SIFTON, Senior Judge.

        Plaintiff Nicholas Owoyemi brings this action pursuant

to 42 U.S.C. § 1983 on behalf of himself and other interested

members of the Chapter Executives of the Peoples Democratic Party

of Nigeria ("PDP-USA Chapter"), duly elected in Boston,

Massachusetts on April 27, 2002, for injunctive relief against

Defendants Tex Wariboko and other members of the PDP-USA Chapter

"unduly" elected as Chapter Executives on October 26, 2003 in New

Jersey ("Defendants").[1]  Plaintiff claims that the discharging of

_____

        [1] The defendants named in this action are: "Tex Wariboko (the Chairman),
Stanley Onye (the Secretary), Felicia Hajismaili, Eddy Nwosu, Simon Guobadia,
Ekpeyoung Eyo, Ike Ginigeme, Alfred Onyia, Jude Nwokenkwo, Joe Olobo, Joseph
Exe, Emmanuel Magbagbeola, Emeka Ehuka, Christabella Njooku, Mrs. Remi
Pgusola, Chinwe Njoku, Neda Imaseun, Chima Okene, Ann Nzegu Exco, Cally Ndu
Exco, Theodore Adogy, Okey Chikere, Ada Lassiter."

the PDP-USA Chapter Executives elected on April 27, 2002 violates
his constitutional rights to free speech, due process and equal
protection of the law. Plaintiff currently moves for a
preliminary injunction pursuant to Rule 65(a) of the Federal
Rules of Civil Procedure enjoining defendants "from parading or
attempting to parade themselves, directly or indirectly," as PDP-
USA Chapter Executives. Defendants oppose the motion and request
attorneys' fees pursuant to 42 U.S.C. § 1988. For the reasons
set forth below, plaintiff's complaint is dismissed for lack of
subject matter jurisdiction, and defendants' application for
attorneys' fees is denied.

## BACKGROUND

The following facts are drawn from the complaint and the
parties' submissions in connection with the present motion.
Factual disputes, where they arise, are noted.

The Peoples Democratic Party ("PDP") of Nigeria is the
ruling political party in the country of Nigeria. The party has
international chapters, of which the United States Chapter is
one. The United States Chapter of the party is comprised of
various state branches, including branches in New York, New
Jersey and several other states. The international chapters are
expected to operate under the laws of country in which they are
situated and in accordance with PDP's constitution and
guidelines. Several of the state branches in the United States

are incorporated as non-profit corporations in the state in which they are located and operate under the state's laws.

Plaintiff alleges that on April 27, 2002, a delegation was sent from Nigeria to witness an election of the PDP-USA Chapter Executives, which took place in Boston, Massachusetts. The election was judged free and fair by the delegation and a slate of executives was elected and sworn. Nicholas Owoyemi, the named plaintiff in this action, was elected and sworn as "Secretary from New York." (Compl. ¶ 11). The executives were elected to a term of four years.

Plaintiff alleges that on September 29, 2003, Chief Vincent Ogbulafor, the National Secretary of PDP in Nigeria, signed a letter on behalf of the National Working Committee of the party, which discharged the executives of the PDP USA Chapter who were elected in Boston on April 27, 2002. (Compl. ¶ 14). The stated reason for the action was the level of disagreement between the elected executives. (Compl. ¶ 15). Plaintiff alleges that in another letter also dated September 29, 2003, Chief Ogulafor, again acting on behalf of the National Working Committee, appointed a Caretaker Committee for the PDP-USA Chapter that conducted a new executive election in New Jersey on October 26, 2003. (Compl. ¶ 18).[2] Plaintiff alleges that

---

[2] Prior to the new election, two of the discharged executives, George Akunna and Michael Amuzie, filed a lawsuit in the Superior Court of New Jersey, seeking injunctive relief against the Caretaker Committee, the

pursuant to Chief Ogulafor's instructions, the discharged executives were banned from participating in the new election. Defendants dispute this and contend that the plaintiffs participated in the new election. (Defs. Affirmation ¶ 14). The defendants named in this action are the new PDP-USA Chapter executives who were elected in New Jersey.

Plaintiff alleges that Dr. I.C.A. Okpalobi, the elected Chairman of the discharged Chapter Executives, subsequently brought an action on behalf of all the discharged executives before the High Court of the Federal Capital of Nigeria. The defendants named in that action were the Peoples Democratic Party, Chief Audu Ogbe, who was the acting Chairman of the PDP, and Prince Vincent Ogbulafor. The defendants named in that action did not appear before the Nigerian court. On February 17, 2002, a judgment was issued by Honorable Justice A. S. Umar of Nigeria, declaring that: (1) the decision of the National Working Committee to dissolve the elected USA Chapter Executive violated the PDP Constitution, was illegal, null and void; (2) the appointment of a Caretaker Committee violated the PDP

_____

Chairman of the Caretaker Committee, and the Peoples Democratic Party. (Ex. 5). In that case, the two plaintiffs alleged *inter alia* that the defendants had violated New Jersey's Non-Profit Corporation statutes (N.J.S.A. 15A:1-1 et seq.), including provisions relating to voting and the removal of officers. (Ex. 5). Although plaintiffs have not provided a copy of the New Jersey court's decision, plaintiffs' attorney states in his affirmation that "the New Jersey court action decided in October 2003 direct[ed] the Caretaker Committee to allow two of the dissolved executives, Chief George Akunna and Chief Mike Amuzie to participate in the election. The Caretaker Committee agreed before the judge in New Jersey to allow the two plaintiffs to participate." (Salis Aff. ¶ 8).

Constitution and was illegal; and (3) all action taken by the Caretaker Committee including any election for the PDP-USA Chapter violated the PDP Constitution and was null and void. (*See* "Nigerian Judgment").[3]

## DISCUSSION

### Jurisdiction

A court must assume jurisdiction before it can determine issues of fact or law arising in a controversy. *Bell v. Hood,* 327 U.S. 678, 682 (1946). This action was brought

---

[3] Plaintiff alleges that the Nigerian judgment was subsequently registered in this Court under the number "MISC 05 0074." (Compl. ¶ 26). 28 U.S.C. § 1963 provides for the registration of "foreign" judgments in federal courts; however, the statute provides only for the registration of "a judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade." 28 U.S.C. § 1963. It is also unclear whether plaintiff has registered the Nigerian judgment in the court of any state. If the plaintiff attempted to register the foreign country judgment in New York state court, he would likely be unsuccessful, as N.Y. CPLR §§ 5301-5309, New York's Uniform Foreign Country Money-Judgments Recognition Act, extends judicial recognition only to foreign country judgments for money, and plaintiff would be attempting to register a judgment for injunctive relief. Plaintiff states that he seeks to "enforce the [Nigerian] judgment by way of injunction against the defendants." (Compl. ¶ 27). However, the defendants named in the Nigerian action are not the same as the defendants named in the present action. In addition, while federal courts have sometimes given force to non-money foreign judgments under the common law doctrine of the "comity of nations," espoused in *Hilton v. Guyot,* 159 U.S. 113 (1895), even then, courts will refuse to recognize judgments of a foreign nation unless:

> [T]he American court is convinced that the foreign court had jurisdiction and that there has been opportunity for a full and fair trial abroad before a court of competent jurisdiction, conducting the trial upon regular proceedings, after due citation or voluntary appearance of the defendant, and under a system of jurisprudence likely to secure an impartial administration of justice...

Restatement (Second) of Conflict of Laws § 98 cmt. c (1971). In *AllState Insurance Company v. Administratia Asigurarilor de Stat,* 962 F.Supp.420 (S.D.N.Y. 1997), the district court refused to enforce a foreign non-money judgment on comity grounds because the "[c]ourt could not determine with any certainty the existence of several of the prerequisites," such as the foreign court's jurisdiction over the parties and the impartiality of the system of jurisprudence. *Id.* at 425-27. This Court, on the present papers, faces a similar situation.

pursuant to the statute granting federal question jurisdiction,
28 U.S.C. § 1331, which provides that "[t]he district courts
shall have original jurisdiction of all civil actions arising
under the Constitution, law or treaties of the United States."
Where a complaint is "so drawn as to seek recovery directly under
the Constitution or laws of the United States, the federal court
must entertain the suit" unless the alleged federal claim is
"wholly insubstantial and frivolous." *Nwanze v. Phillip Morris,
Inc.,* 1999 WL 292620 (S.D.N.Y. 1999)(quoting *Bell,* 327 U.S. at
682-83). "Simply raising a federal issue in a complaint will not
automatically confer federal question jurisdiction," and a court
must ask whether "the cause of action alleged is so patently
without merit as to justify dismissal...for want of
jurisdiction." *Perpetual Securities, Inc. v. Tang,* 290 F.3d 132,
137 (2d Cir. 2002). "Dismissal for lack of subject-matter
jurisdiction because of the inadequacy of the federal claim is
proper only when the claim is 'so insubstantial, implausible,
foreclosed by prior decisions of this Court or otherwise
completely devoid of merit as not to involve a federal
controversy.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S.
83, 89 (1998). Defendants in this case have not formally moved
for dismissal.[4] However, a district court may dismiss a claim

---

[4] In opposition to the present motion, the defendants "request that the
plaintiff's motion be denied in its entirety, for lack of merit. There is no
basis in law and facts for the relief requested nor cause of action and as

*sua sponte* if a court believes it to be frivolous.  *See*

*Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d

362, 363-62 (2d Cir. 2000).  Assessing plaintiff's federal claims

against the backdrop of this "minimal, yet unyielding

jurisdictional standard," *Town of West Hartford v. Operation*

*Rescue,* 915 F.2d 92 (2d Cir. 1990), I find that the complaint

warrants dismissal for lack of subject matter jurisdiction.

<u>42 U.S.C. § 1983</u>

The gravamen of plaintiff's claims is that the

dissolution of the Chapter Executives elected on April 27, 2002

violated his constitutional rights to free speech, due process

and equal protection of the law.  It is well established that the

protections of the Fourteenth Amendment extend only to actions of

a State, Territory or the District of Columbia and not private

conduct abridging individual rights.  *See Blum v. Yaretsky,* 457

U.S. 991, 1002 (1982).  Section 1983 provides, in pertinent part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof
> to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall
> be liable to the party injured in an action at law,
> suit in equity, or other proper proceeding for
> redress...

42 U.S.C. § 1983.  For private action to be deemed state action,

---

such the entire complaint should be dismissed." (Defs. Affirmation ¶ 3).

the allegedly unconstitutional conduct must be "fairly
attributable" to a state or territory of the United States, or
the District of Columbia. *Tancredi v. Metropolitan Life Ins.
Co.,* 316 F.3d 308, 312 (2d Cir. 2003).

This Court lacks subject matter jurisdiction because
plaintiff's complaint, on its face, does not allege that the
defendants acted under the color of the law of "any State or
Territory" of the United States. 42 U.S.C. § 1983.  At most, the
allegations in the complaint suggest that the defendants' actions
were attributable to the National Working Committee of the
Peoples Democratic Party of Nigeria.  This does not fall within
the purview of Section 1983.  Also, there is no indication that
plaintiff could establish subject matter jurisdiction by
amendment.  Accordingly, plaintiff's claims are so "patently
without merit" that the complaint is dismissed for lack of
subject matter jurisdiction. *See e.g. Fisher v. Silverstein,*
2004 WL 1933610 (S.D.N.Y. 2004); *Jones v. Langston,* 2004 WL
1083242 (W.D.N.Y. 2004).[5]

Defendants request attorneys' fees pursuant to 42
U.S.C. § 1988.  Section 1988 provides that in certain types of
civil rights actions, "the court, in its discretion, may permit

---

[5] Defendants also contend that dismissal is warranted because all of the
defendants have not been personally served with the summons and complaint, as
plaintiff was instructed in this Court's Order to Show Cause dated April 12,
2005. (*See* Defs' Affirmation ¶ 22).  However, I need not address this
argument, as plaintiff's claims are dismissed for lack of subject matter
jurisdiction.

the prevailing party...a reasonable attorney's fee as part of the costs."  However, "where there is no jurisdiction to proceed with the substantive claim, as a matter of law that lack of jurisdiction bars an award of attorneys' fees under Section 1988." *W.G. v. Senatore,* 18 F.3d 60, 64 (2d Cir. 1994).

## CONCLUSION

For the aforementioned reasons, the complaint is dismissed for lack of subject matter jurisdiction, and defendants' application for attorneys fees is denied.

The Clerk is directed to furnish a filed copy of the within to all parties.

SO ORDERED.

Dated : Brooklyn, New York
        May 23, 2005

By: /s/ Charles P. Sifton (electronically signed)
    United States District Judge